## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 10-30155-DRH |
| | ) | |
| LOUIS F. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2 WITH RESPECT TO LOUIS F. JOHNSON

In the Indictment filed in the above cause on September 22, 2010, the United States sought forfeiture of property of defendant, Louis F. Johnson, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The court, upon consideration of guilty plea in this matter, hereby finds that the following property is forfeitable and hereby orders forfeited the following property:

> **One Ranger 101.6, Model 5100, 12 gauge double barrel shotgun, bearing no serial number and any and all ammunition contained therein;**
>
> **One Llama 9mm caliber semi-automatic pistol, bearing serial number 94559 and any and all ammunition contained therein;**
>
> **One Winchester 30-30 caliber lever action rifle, Model 94, bearing serial number 4477119 and any and all ammunition contained therein; and**
>
> **One Remington 22, Scoremaster Model 511, Short/Long/Long Rifle caliber bolt action rifle and any and all ammunition contained therein.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to " publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons

other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the vault custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Louis E. Johnson at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Louis E. Johnson and shall be included in

the Judgment imposed against said Defendant. This Order is a final order with respect to said Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**IT IS SO ORDERED.**

**DATED:** June 28, 2011

Digitally signed by David R. Herndon
Date: 2011.06.28 15:17:03 -05'00'

**Chief Judge
United States District Court**